### DR. JIM WOODSON V. THE STATE.

#### No. 6615.    Decided March 29, 1922.

**Unlawfully Practicing Medicine—Residence.**

Where, upon trial of unlawfully practicing medicine, a sharp issue was drawn as to whether defendant resided in the county of the prosecution, and upon this pivotal issue the testimony is conflicting, and defendant requested special charges upon this phase of the case, which the court refused, and the manner in which this issue was submitted by the court made it more important that the requested charge should have been given makes the same reversible error.

Appeal from the County Court of Calhoun. Tried below before the Honorable S. L. Marsh.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $100 and thirty days imprisonment in jail.

The opinion states the case.

*Wilson & Wood,* for appellant.—Cited Young v. State, 128 S. W. Rep., 1103.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for unlawfully practicing medicine. Punishment assessed at a fine of $100 and thirty days confinement in the county jail.

The information charges that appellant resided in Calhoun County, and that he unlawfully practiced medicine for pay in such county, and treated diseases and made charges therefor, without first obtaining a license and certificate from an authorized State Board of Medical

Examiners, and without having a diploma from some reputable and legal college of medicine, and without having recorded in the district clerk's office in Calhoun County a verification license from a State Medical Examining Board.

It is admitted that the evidence sustained the charge that appellant had practiced medicine in Calhoun County, Texas, and had treated diseases therein for which he received pay, and that he had not obtained a license and certificate of professional qualification from any authorized State Board of Medical Examiners of this State, and without having the same recorded in the district clerk's office of Calhoun County.

However, a sharp issue was drawn in the trial of the case as to whether appellant resided in Calhoun County, and upon this pivotal issue the testimony is conflicting. After the trial judge prepared his charge, attorneys representing appellant prepared three special charges and requested that they be given, and upon the court's refusal to submit the same reserved proper exceptions thereto, stating their reasons in the bills why such charges should have been given.

There was no error in the court's refusal to submit the first special charge, which was a peremptory direction to the jury to return a verdict of not guilty. We believe, however, the second special charge requested should have been given. It was as follows: "Now if you believe the plaintiff has failed to prove beyond a reasonable doubt that the defendant resided, at the time alleged, in Calhoun County, Texas, then you will acquit the defendant and so say by your verdict." This was on the pivotal issue in the case and the one upon which the great conflict of evidence arose. The manner in which this issue was submitted in the court's charge makes it the more important that the special charge should have been given. After having told the jury that they must believe from the evidence beyond a reasonable doubt that the defendant unlawfully practiced medicine for pay without having a verification license from a State Medical Examining Board of the State of Texas, the charge proceeds as follows: "and further without having same recorded in the district clerk's office of the County of Calhoun, in which County the said defendant, Dr. Jim Woodson, then and there resided," they will find the defendant guilty, etc.

We do not deem it necessary to set out at length the conflicting testimony with reference to the residence of appellant, but that issue being so closely drawn we think the special charge should have been given.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*